IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-607-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TYRON ANTHONY GUNTER | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 971). In his present motion, the defendant contends that due to changes in the sentencing laws announced by the Fourth Circuit Court of Appeals, his sentence today would be substantially different from the one imposed at the time of his original sentencing. He also contends that he would no longer be classified as a career offender.

The government has responded in opposition, arguing that the defendant's claim fails under recent case law. The defendant replied to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

(4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Here, the government suggests that the defendant has not exhausted his administrative remedies as required. In his reply memorandum, the defendant does not suggest otherwise. In spite of this, the court will proceed to the merits of the case because the Warden is not authorized to grant compassionate release on the grounds asserted by the defendant in this case.

PROCEDURAL BACKGROUND

In November 2012, the defendant and 12 others were named in a 1-count Superseding Indictment (SSI) (ECF No. 222) charging them with conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851.

The defendant pleaded guilty pursuant to a written Plea Agreement (ECF No. 526) to the lesser included offense in Count 1 of the SSI. The defendant also stipulated that he was subject to enhanced penalties as a result of the Information (ECF No. 327) filed under 21 U.S.C. § 851.[2]

---

[2] The defendant's prior convictions set out in the § 851 Information for sentence enhancement included: (1) March 16, 1994, conviction for Distribution of Cocaine in Richland County General Sessions Court; sentenced to 5 years suspended on $90.00 and 2 years probation; (2) July 14, 1997, conviction for Possession with Intent to Distribute Cocaine in Richland County General Sessions Court; sentenced to 10 years suspended with 2 years probation; and (3) January 31, 2001, conviction for Possession with Intent to Distribute Crack Cocaine in Richland County General Sessions Court; sentenced to 8 years concurrent.

The Presentence Report (PSR) (ECF No. 632) prepared by the United States Probation Office determined that the defendant's total offense level of 31 and criminal history category of VI produced a Guideline range of 188 to 235 months. The defendant was also determined to be a career offender pursuant to U.S.S.G. § 4B1.1(b).

On July 7, 2016, this court sentenced the defendant to a term of 178 months, to be followed by a term of supervision of 6 years. The court adopted the PSR after the defendant withdrew his objections and granted the defendant a 1-level variance at sentencing.

The defendant did not appeal his conviction or sentence.

The defendant is currently 49 years old and is housed at the Federal Correctional Institute Yazoo City Low. His anticipated release date is October 14, 2025.

## DISCUSSION

### I. *Intervening Change in Sentencing Laws*

Simply stated, the defendant contends that he is no longer a career offender after the decision of United States Court of Appeals for the Fourth Circuit in *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir April 10, 2023).

In its opposition memorandum, the government relies almost exclusively upon the recent decision in *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022). *Ferguson* held that a defendant may not evade limits on post conviction relief by simply filing a motion for compassionate release. Essentially, *Ferguson* holds that a Guidelines error committed by the court at the time of sentencing cannot qualify as an extraordinary and compelling reason for

6

compassionate release. Rather, the defendant must file the traditional post-conviction relief under the available statutes such 28 U.S.C. § 2255. This court does not need to resolve the *Ferguson* issue in this case because, quite simply, the principal case on which the defendant relies has been expressly overruled by the Fourth Circuit Court of Appeals in *United States v. Davis,* No. 20-4433, 2023 WL 4375035 (4th Cir. July 7, 2023).

*Davis* held that a distribution of cocaine base (crack) conviction under S.C. Code Ann. § 44-53-375(b) qualifies as a controlled substance offense under Guideline § 4B1.2(b). In doing so, the *Davis* Court expressly overruled *Jackson*, which held that crack distribution conviction under § 44-53-375(b) categorically is not a controlled substance. *Jackson* was not binding on the court because that decision was unpublished.

Therefore, the defendant's claims fail because his sole source has been expressly overruled. Thus, defendant no longer has any authority supporting his claims for compassionate release. Without this, the defendant cannot show that his sentence would be markedly different if imposed today. Consequently, the defendant has failed to show any extraordinary and compelling reason which would support compassionate release.

As this court finds no extraordinary and compelling reason to support his release, it is not necessary for the court to address the § 3553(a) factors.

## II. *Post Sentencing Conduct*

In his reply memorandum, the defendant points to several vocational and educational courses he has taken while incarcerated, including: infectious diseases, Class RLG SVC

7

Threshold, Interfaith Life Skills, Health Fair, Nonresidential Drug Abuse, Music Theory, How to in Car Dealership, Basic Spanish, Quarterly Men's health, Weight Management, and Parenting. In any event, as noted previously, the defendant's rehabilitation standing alone does not justify compassionate release.

## CONCLUSION

For the foregoing reason, this court determines that the defendant has not shown an extraordinary and compelling reason for his immediate release. The defendant's motion (ECF No. 971) is respectfully denied.

IT IS SO ORDERED.

August 2, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge