IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 3:14-607-JFA |
| v. | |
| TYRON ANTHONY GUNTER, | MEMORANDUM, OPINION, & ORDER |

This matter is before the court on Tyron Anthony Gunter second pro se motion[1] for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). (ECF No. 980). Here, Defendant contends that he should be granted compassionate release due to his rehabilitation, changes in the law, and a disparity in his sentence.

The government has responded in opposition, arguing that Defendant's claims fail under recent case law. (ECF No. 1009). Defendant did not file a reply to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, Defendant's motion is respectfully denied.

---

[1] Defendant's first motion was denied by this court's order filed August 3, 2023. (ECF No. 978). Shortly thereafter, on September 21, 2023, Defendant filed his second, present motion. (ECF No. 980). This court then entered an order allowing Defendant to amend his motion to comply with the November 1, 2023 changes to U.S.S.G. § 1B1.13. Despite granting Defendant an extension of time to do so, Defendant did not amend his motion.

1

## I.     FACTUAL AND PROCEDURAL HISTORY

In November 2012, Defendant and 12 others were named in a 1-count Superseding Indictment (SSI) (ECF No. 222) charging them with conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 851.

Defendant pleaded guilty pursuant to a written Plea Agreement (ECF No. 526) to the lesser included offense in Count 1 of the SSI. Defendant also stipulated that he was subject to enhanced penalties as a result of the Information (ECF No. 327) filed under 21 U.S.C. § 851.

The Presentence Report (PSR) (ECF No. 632) prepared by the United States Probation Office determined that Defendant was a career offender pursuant to U.S.S.G. § 4B1.1(b). This determination resulted in total offense level of 31 and criminal history category of VI which produced a Guideline range of 188 to 235 months. Without the career offender designation, Defendant's total offense level would have been 23 and his criminal history category IV. This would have resulted in a Guideline range of 70 to 87 months.

On July 7, 2016, this court granted a one level variance and sentenced Defendant to a term of 178 months (below the low end of the guideline range), to be followed by a term of supervision of six years. Defendant did not appeal his conviction or sentence.

Defendant has received credit for time served since January 13, 2015.  As of the date of this order, Defendant has served 122 months or 10 years and 2 months of his original 178-month sentence. Defendant is 51 years old, is currently under Residential Reentry Management, and is now living at a federal halfway house.

On January 17, 2025, Defendant was granted Executive Clemency so that his term of incarceration expires on July 16, 2025. (ECF No. 1051). This clemency has the practical effect of reducing Defendant's term of incarceration to 126 months.

## II.  LEGAL STANDARD

*Extraordinary and Compelling*

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id.* at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, a newly amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several

categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

Most relevant here, subsection (b)(6) of the policy statement addresses the circumstances in which a sentencing disparity can constitute an extraordinary and compelling reason for a sentencing.

That provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not raise the issue of exhaustion. Therefore, the court deems it appropriate to proceed to the merits of Defendant's motions. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021) ("Because the [exhaustion] requirement [under § 3582(c)(1)(A)] is not jurisdictional, it may be waived or forfeited.").

### III.   ANALYSIS

*Extraordinary and Compelling*

In his motion, Defendant asserts that he is entitled to compassionate release based upon his rehabilitation, intervening changes in case law, Amendment 782, and a sentence disparity. (ECF No. 980). When construed liberally, these arguments invoke subsection (b)(6) of the policy statement. *See* U.S.S.G § 1B1.13(b)(6). This subsection recognizes that a non-retroactive change in the law may be an extraordinary and compelling reason to modify a sentence if: (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(6).

The basis of Defendant's motion is his belief that he is no longer a "career offender" as defined in the Sentencing Guidelines and his sentencing range, if sentenced today, would be drastically lower than the one applied at his original sentencing. The government appears to concede, at least implicitly, that Gunter, if sentenced today, would not be considered a career offender because conspiracy to distribute cocaine is no longer an

5

offense triggering the career offender designation.[2] Additionally, Gunter has served the requisite 10 years of incarceration.

Gunter is correct that his conviction for conspiracy to possess with the intent to distribute a quantity of cocaine and a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846 is no longer considered a "controlled substance offense" which would trigger the career offender designation. *See United States v. Norman*, 935 F.3d 232 (4th Cir. 2019)(agreeing "that because the definition of 'conspiracy' in 21 U.S.C. § 846 is broader than the definition of the generic crime of conspiracy, [a] conspiracy conviction does not qualify as a 'controlled substance offense' under the Guidelines.").

Accordingly, if sentenced today post-First Step Act of 2018 and post-*Norman*, Gunter would be exposed to non-Career Offender guideline provisions of a Total Offense Level of 23 and a Criminal History Category of IV (the defendant has 8 criminal history points), and the guideline range would have been 70 to 87 months. As a reminder, Gunter's original guideline range was 188 to 235 months given his Career Offender classification. Gunter was ultimately given a sentence of 178 months after the court issued a 10-month variance.

A sentence of 178 months appears to be "unusually long" when compared to the now-applicable range of 70 to 87 months. This resulting difference of 108 months (a 150%

---

[2] The Government advances several other arguments as to why the court should deny Gunter's motion. Because Gunter's motion fails on the merits, the court declines to address any of the Government's alternative arguments.

increase) is a gross disparity between the sentence originally issued and the sentence likely to be imposed today.[3]

This conclusion is bolstered by the fact that other "Courts have found that a large disparity between a defendant's sentence and their Guideline range if sentenced today suffices to show that a sentence is 'unusually long.'" *United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *2 (E.D. Va. Feb. 13, 2025); *see e.g., United States v. Mason*, 2024 WL 4667168, at *3 (W.D.N.C. Nov. 4, 2024) ("[C]onsidering the great disparity between the relative Guideline calculations, the Court will consider Defendant's sentence as 'unusually long.'").

Additionally, "Courts have found that *Norman* qualifies as a change of law under U.S.S.G. Section 1B1.13(b)(6)." *United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *3 (E.D. Va. Feb. 13, 2025); s*ee e.g., United States v. Davis*, 2024 U.S. Dist. LEXIS 159233, at *7 (July 2, 2024) (Allen, J.) (finding that *Norman* created a sentencing disparity which was "a textbook example of the extraordinary and compelling reasons that § 1B1.13(b)(6) is meant to address").

Consequently, Defendant has shown an extraordinary and compelling reason under subsection (b)(6) because: (1) his original sentence of 178 months is "unusually long" when compared to today's applicable guidelines; (2) he has served over 10 years of his term of

---

[3] Other courts have held that similar sentencing disparities are "gross." *See United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *3 (E.D. Va. Feb. 13, 2025)(50 months); *United States v. Stewart*, 2024 WL 4860809, at *11 (W.D. Va. Nov. 21, 2024) (50 months); *United States v. Miller*, 2023 WL 7065545, at *4 (D.S.C. Oct. 26, 2023) (30 months); *United States v. Shaw*, 2021 WL 3007266, at *5 (W.D. Va. July 15, 2021) (22 months).

imprisonment; and (3) the 108 month difference between his sentence and the low end of the now-applicable Guidelines range constitutes a "gross disparity." Thus, Defendant has cleared the first hurdle to establishing he may be eligible for a sentence reduction pursuant to the compassionate release statute.

Because Defendant has demonstrated an "extraordinary and compelling" reason warranting a sentence reduction, the court need not evaluate whether Defendant's other claims meet this threshold.[4] *United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *5 (E.D. Va. Feb. 13, 2025).

*Section 3553(a) Factors*

Since Defendant has provided an "extraordinary and compelling" reason warranting a sentence reduction, the court must now assess whether a sentence reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors.

The court first considers the "nature and circumstances of the offense and the history and characteristics of the defendant[.]" 18 U.S.C. § 3553(a)(1). Defendant provides persuasive evidence of his rehabilitation by pointing to several vocational and educational courses he has taken while incarcerated, including: infectious diseases, Class RLG SVC Threshold, Interfaith Life Skills, Health Fair, Nonresidential Drug Abuse, Music Theory,

---

[4] "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). Accordingly, Defendant's rehabilitative efforts are discussed below when analyzing the Section 3553(a) factors.

How to in Car Dealership, Basic Spanish, Quarterly Men's health, Weight Management, and Parenting.

However, Defendant has an extensive criminal history which resulted in a criminal history category of IV. Moreover, the court considers his offense conduct very serious. Defendant was involved in a vast drug conspiracy with a dozen other individuals which spanned multiple years. Accordingly, given these competing factors, 18 U.S.C. § 3553(a)(1) is a neutral factor.[5]

The court also considers:

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2). Given the seriousness of Defendant's offense conduct and his history of recidivism, the factors listed in Section 3553(a)(2) would not support a sentence reduction.

Defendant has received a generous commutation which effectively reduced his original sentence of 178 months to 126 months. This translates to a sentence reduction of

---

[5] Of note, U.S.S.G. 1B1.13(b)(6) also requires the court to conduct a "full consideration of the defendant's individualized circumstances." The court considers the above analysis regarding the nature and circumstances of the offense and the history and characteristics of the defendant fulfills this directive.

50 months, which is nearly 30 percent of Defendant's original sentence. Granting a further reduction at this juncture would only serve to discount the seriousness of Defendant's crime. Such further leniency is unlikely to "promote respect for the law," or "provide adequate deterrence for criminal conduct." §§ 3553 (a) (2) (A) - (B). For these reasons, the factors listed in § 3553 (a) (2) weigh against reducing Defendant's sentence on his Compassionate Release Motion.

The court next examines "the kinds of sentences available" and "the sentencing range established for" Defendant's offense. §§ 3553(a)(3), (4). As the court has noted, "the sentencing range established for" Defendant's offense under current law is shorter than the sentence Defendant is serving. Accordingly, the "sentencing range established for" Defendant's offense and "the kinds of sentences available" supports reducing Defendant's sentence.

When considered together, the Section 3553(a) factors do not support a sentence reduction beyond his commuted sentence. Accordingly, Defendant's motion must be denied.

## IV.  CONCLUSION

As stated above, Gunter has shown an extraordinary or compelling reason which would justify a reduction in his current sentence. However, after a close examination of the § 3553(a) factors and full consideration of the defendant's individualized circumstances, the court finds a further reduction in Defendant's sentence is not appropriate. Accordingly, his motion (ECF No. 980) is denied.

IT IS SO ORDERED.

April 1, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge